STOWERS, Justice,
dissenting.
In Seq Star Stevedore Co. v. International Union of Operating Engineers, Local 302, we held that arbitrators "are given broad powers to fashion remedies on submitted issues. However, an arbitrator does not have the power to reach the merits of a grievance not submitted to him.[1] Here, from the initiation of the arbitration process to its close, Johnson repeatedly averred that he was required to provide notice to The Aleut Corporation in order to trigger his contract extension. Similarly, from the initiation of the arbitration process to its close, The Aleut Corporation agreed. When the arbitrator nevertheless reached the issue of whether such notice was required-coneluding that it was not required-he reached an issue not submitted to him by the parties and thereby exceeded his powers[2] I therefore dissent from the court's opinion today and would uphold the decision of the superior court vacating the arbitration award.
In the first paragraph of Johnson's statement of claims initiating arbitration, he stated the following: "Johnson was required to notify the Chair of the Board ... of the Company's option to cancel the automatic extension; if he failed to give this notice, then the automatic extension of the Contract would terminate at March 31, 2010, without the Company needing to exercise its option to cancel the automatic extension." Here it is clear that among the myriad issues Johnson might be submitting to the arbitrator, he was explicitly not submitting the issue of whether he was required to provide notice. Rather, at the outset, he conceded that such notice was required. Johnson reiterated this concession in the joint statement of uncontested facts that the parties submitted to the arbitrator prior to the arbitration hearing. There, both parties agreed that Johnson's employment agreement "required Johnson to notify the Chair of [The Aleut Corporation's] Board, Sharon Lind, of [The Aleut Corporation's] option to cancel the 'Option Term.'" Again, it is clear that both parties agreed Johnson was required to provide notice. If both parties agree on a particular fact, there is no dispute between them as to that fact- and thus no issue for the arbitrator to decide.
Further, at the arbitration hearing Johnson said and did nothing to call into question his concession that he was required to provide notice. On the contrary, he repeatedly affirmed that he was required to provide notice. For example, in Johnson's cross-examination of Thomas Daniel, Johnson's attorney stated that The Aleut Corporation's "obligation to provide the notice to Mr. Johnson . was only triggered if Mr. Johnson provided a notice." Similarly, in Johnson's closing argument he stated that "[the only way [The Aleut Corporation] was ever obligated to provide notice that it intended to cancel Mr. Johnson's two-year automatic extension was if Mr. Johnson first provided his notice of [The Aleut Corporation's] obligation."
In short, Johnson consistently affirmed throughout the arbitration process that his employment agreement required him to provide notice in order to trigger the contract extension. The superior court was therefore correct when it concluded that "it is not reasonably possible that the seope of the arbitration required the arbitrator to inter *954 pret the CEO Contract and determine if the Reminder Notice was a condition precedent to the automatic renewal.... [The Court cannot find that where the parties both agree that a particular outcome will occur if certain conditions are not met, the arbitrator is free to disregard that agreement. That is exactly what happened in this case." Consequently, the superior court correctly ruled that the arbitrator "exceeded his power when he concluded that his authority included the power to interpret the contract" with respect to the issue of whether Johnson was required to provide notice.
In support of its decision today that the arbitrator did not exceed his powers, the court points to three sources of evidence: (1) the arbitration clause of the employment agreement; (2) Johnson's statement of claims; and (8) the evidence provided at the arbitration hearing. Each of these sources of evidence, however, fails to show that Johnson submitted the issue of whether he was required to provide notice.
First, it is true that Johnson's contract included a broad arbitration clause. It is also true that if Johnson had chosen to submit to arbitration the issue of whether he was required to provide notice, such issue would have been within the seope of the arbitration clause and within the arbitrator's authority to decide. But, regardless of the seope of the arbitration clause, the arbitrator is empowered to decide only those issues that are submitted to him.[3] Here, despite the breadth of the arbitration clause, Johnson chose to narrow the seope of the arbitration and concede that at least one aspect of his employment agreement-whether he was required to provide notice-was not in dispute.
Second, the court observes that Johnson's statement of claims was "broadly framed" and generally based on the "company's breach of the Contract." However, the next-to-last paragraph of Johnson's statement of claims summarized his claim in the following terms: "For the foregoing reasons, Mr. Johnson requests the arbitrator find [The Aleut Corporation] failed to timely exercise its option to terminate ... [and] that [the] termination ... constituted a breach by the [Corporation] of the Contract." Nowhere in the foregoing paragraphs of Johnson's statement of claims did he argue that he was not required to provide notice; rather, he clearly and explicitly stated that he was required to provide notice (and argued that he had, in fact, provided such notice).
Finally, the court cites the range of evidence presented at the arbitration hearing in support of the conclusion that the issue submitted to the arbitrator was broader than simply the question of whether Lind received Johnson's notice. But the evidence Johnson introduced during the hearing was introduced for the purpose of supporting his argument that he had, in fact, provided notice. As the superior court found, "Johnson never used the evidence he introduced to put the Reminder Notice provision's intent at issue."
In support of its decision today, the court also relies on our decision in Ahtna, Inc. v. Ebasco Constructors, Inc., in which we held that an arbitrator may resolve a contract dispute on grounds that are not submitted by the parties.[4] But we did not hold that an arbitrator may resolve a dispute on grounds that both parties conceded were not in controversy. In other words, in Aktna the claimants (Ahtna) may have failed (by omission) to argue that they were entitled to "reimbursement" under their contract with Ebaseo, but they never affirmatively stated that they were not entitled to such reimbursement.[5] Here, by contrast, Johnson did not merely fail to raise the question of whether The Aleut Corporation might have been obligated to extend his contract even if he did not provide notice; rather, he affirmatively and repeatedly stated that The Aleut Corporation was obligated to extend his contract (or provide timely notice of non-extension) only if Johnson first provided his notice.
*955 The court today also cites our decision in Department of Public Safety v. Public Safety Employees Association, explaining that we grant great deference to arbitrators on questions submitted to arbitration in order to foster recourse to arbitration proceedings.[6] This same policy, however, underlies our responsibility to vacate decisions when arbitrators have clearly reached issues not submitted to them. As the superior court points out, arbitration is "inherently a matter of agreement among the parties." It stands to reason that parties will be wary of having recourse to arbitration proceedings if there is the danger that arbitrators will decide issues that both parties have agreed not to submit to the arbitrator. Further, as The Aleut Corporation argues, "[aln arbitrator exceeding his or her authority is fundamentally different than an arbitrator getting the facts or law of a case wrong" for "when an arbitrator exceeds his or her authority by deciding an issue undisputed by the parties, the parties do not have even the opportunity to present their case on that issue."
In sum, despite Alaska's strong public policy in favor of upholding arbitration decisions, I agree with the superior court that this case "presents the rare scenario where the arbitrator goes beyond the reasonably foreseeable scope of his authority such that the Court must vacate his award." This court has created a line of precedent that gives great-virtually unreviewable-deference to arbitrators' decisions, even where those decisions are factually and legally erroneous. Today's decision extends that deference to also permit an arbitrator to determine what the issue is to be decided, even where both parties agreed they intended the arbitration to resolve a different issue. I fear this court has abrogated its responsibility to review virtually any error in arbitration, and I cannot agree with this decision because I believe the court has a duty to ensure that-at the least-an arbitrator does not exceed the limits of his authority. I therefore respectfully dissent.

. 769 P.2d 428, 431 (Alaska 1989) (citing Hughes Aircraft Co. v. Elec. & Space Technicians, Local 1553, 822 F.2d 823, 827 (9th Cir.1987)).

. See AS 09.43.500(a)(4) (providing that "the court shall vacate an award made in the arbitration proceeding if ... an arbitrator exceeded the arbitrator's powers").

. See, e.g., Advanced Micro Devices, Inc. v. Intel Corp., 9 Cal.4th 362, 36 Cal.Rptr.2d 581, 885 P.2d 994, 1006 (1994) ("Even where the parties' original contract included a broad arbitration clause, the arbitrator's powers may be restricted by the limitation of issues submitted.").

. 894 P.2d 657, 662-63 (Alaska 1995).

. Id. at 659-60.

. 732 P.2d 1090, 1097 (Alaska 1987).